**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL KEITH HOWARD, | No. 19-16554 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03769-JJT |
| v. | |
| BLUE CROSS BLUE SHIELD OF ARIZONA; SUNSTATE EQUIPMENT CO. LLC EMPLOYEE BENEFIT PLAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted September 17, 2020[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Plaintiff-Appellant Russell Howard appeals the district court's order

granting summary judgment to Defendant-Appellee Blue Cross Blue Shield of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona (Blue Cross). Howard challenges Blue Cross's denial of his claim for reimbursement of medical treatment under the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1132(a)(1)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Blue Cross denied Howard's pre-treatment authorization requests. Blue Cross concluded that Howard's preferred course of treatment promised no better outcomes than established alternatives. Blue Cross informed Howard that, under applicable guidelines, it was not medically necessary. After Howard nevertheless obtained this treatment, Blue Cross again denied coverage, citing the relevant terms of the Sunstate insurance plan (the Plan).

The Plan language provides that Blue Cross has discretion to make coverage determinations, so we will review those determinations for abuse of discretion unless there are major procedural irregularities or unless Blue Cross failed to exercise its discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963, 971–72 (9th Cir. 2006) (en banc). There are no procedural irregularities in this case that warrant de novo review. *See, e.g.*, *id.* at 971 (quoting *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005)) (explaining that procedural violations will change the standard of review only where the "violations are so flagrant as to alter the substantive relationship between the

2

employer and employee, thereby causing the beneficiary substantive harm"). Blue Cross provided an explanation for each of its decisions and did not violate any procedural requirements of the Plan in doing so. Blue Cross also did not fail to exercise its discretion. *See, e.g.*, *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1106 (9th Cir. 2003) (holding that an administrator failed to exercise its discretion where it did not make a benefits determination within the 60 days as required by the terms of the Plan). Blue Cross provided Howard with a timely explanation, in writing, to support its determinations. We therefore review for abuse of discretion.

A plan administrator abuses its discretion under ERISA where its decision is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011)(citation omitted); *see also Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012) (explaining that administrators generally have "discretion to determine whether [a] treatment was medically necessary during the administrative review process" of a claim). Blue Cross did not violate the terms of the Plan by denying Howard's requests for coverage. In fact, the Plan specifically provided that Howard's treatment for his medical condition was not considered medically necessary. Blue Cross also provided the required

3

explanation under ERISA; each time Howard requested a coverage determination, Blue Cross informed him that the treatment was not medically necessary and would not be covered. *See Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997).

Blue Cross reasonably relied upon medical studies that showed no net benefit over other courses of treatment. We cannot conclude that this finding, supported by medical evidence in the record, was "clearly erroneous." *See Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). There was no conflict of interest in this case that would alter our analysis. Blue Cross was liable only for claims above 200,000 dollars, and Howard's claims did not approach that amount. Blue Cross therefore did not abuse its discretion in denying Howard coverage under the Plan.

Howard's last argument is that the district court abused its discretion by denying his requests for additional discovery. *See Burke v. Pitney Bowes Long–Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir. 2008). The additional materials Howard sought were unlikely to be relevant to his case because they involved different medical insurance plans and different insured individuals. Moreover, producing all 74 determinations would have been

4

burdensome for Blue Cross. Accordingly, the district court did not abuse its

discretion in denying Howard's requests for additional discovery.

**AFFIRMED**.